NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**UNILOC 2017 LLC,**
*Appellant*

**v.**

**SLING TV, L.L.C.,**
*Appellee*

---

2023-1156

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2019-01363.

---

Decided: September 4, 2024

---

DONALD LEE JACKSON, RIMON P.C., McLean, VA, argued for appellant. Also represented by JAMES ETHERIDGE, Etheridge Law Group, Southlake, TX.

ELIOT DAMON WILLIAMS, Baker Botts LLP, Washington, DC, argued for appellee. Also represented by ALI DHANANI, Houston, TX; GEORGE HOPKINS GUY, III, Palo Alto, CA; KURT M. PANKRATZ, Dallas, TX.

---

Before PROST, CLEVENGER, and STARK, *Circuit Judges*.

PROST, *Circuit Judge*.

Uniloc 2017 LLC ("Uniloc") appeals a final written decision of the Patent Trial and Appeal Board ("Board") in an inter partes review ("IPR") determining all claims of U.S. Patent No. 9,721,273 ("the '273 patent") unpatentable. We affirm.

## BACKGROUND

Sling TV, L.L.C. ("Sling") petitioned for IPR of all claims of the '273 patent. The '273 patent relates to aggregating and presenting internet users with data in certain formats. Claim 1 is exemplary and recites:

1. A method for providing content via a computer network and computing system, the method comprising:

storing *presentation data that represents content* of a first collection of one or more presentations using the computer system;

storing data indicative of the first collection of presentations so as to be associated with the presentation data;

*storing feed data that represents a collection of one or more feeds using the computer system, wherein each of the feeds* identifies a corresponding second collection of one or more presentations being accessible via the computer network and *includes no data representing content of the second collection of presentations*;

automatically and periodically accessing each of the feeds to identify each of the corresponding second collection of presentations, using the computer system;

> storing data associated with a third collection of one or more presentations; and

> aggregating each of the first, identified second, and third collections of presentations for delivery via the computer network using a common web page.

'273 patent claim 1 (emphasis added). The parties refer to the emphasized limitations as the "presentation data" and "feed data" limitations, respectively.

The Board initially determined that Sling failed to show that the '273 patent's claims are unpatentable. Central to this conclusion was its determination that the "feed data" limitation excluded metadata.[1] Sling appealed, and we vacated and remanded after concluding that the Board incorrectly construed the "feed data" limitation. *Sling TV, L.L.C. v. Uniloc 2017 LLC*, No. 21-1651, 2022 WL 306468 (Fed. Cir. Feb. 2, 2022). We concluded that the Board's construction "cannot be correct" because it excluded a preferred embodiment of a feed containing metadata. *Id.* at *2–3. We also noted that the "presentation data" and "feed data" limitations need not have the same construction. *Id.* at *3 n.1.

On remand, the Board concluded that all claims of the '273 patent are unpatentable over Li.[2] *Sling TV, L.L.C. v. Uniloc 2017 LLC*, No. IPR2019-01363, 2022 Pat. App. LEXIS 4475 (P.T.A.B. Sept. 7, 2022). The Board again resolved a claim construction dispute, this time related to the "presentation data" limitation. The Board concluded that the intrinsic record supported construing the "presentation

---

[1] Here, metadata refers to "information about the item, such as title, link description, author, and category." *Sling TV, L.L.C. v. Uniloc 2017 LLC*, No. 21-1651, 2022 WL 306468, at *1 (Fed. Cir. Feb. 2, 2022).

[2] U.S. Patent App. Pub. No. 2008/0256443 ("Li"). J.A. 968–86.

data" limitation to include content graphics, such as Li's thumbnails, and titles. *Id.* at \*14. The Board also noted that "[w]hether thumbnails and titles . . . are metadata" within the meaning of the "feed data" limitation "is immaterial to whether they are 'presentation data that represents content.'" *Id.* at \*15.

Uniloc timely appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

### DISCUSSION

Uniloc's arguments on appeal focus on claim construction. Uniloc specifically argues that the Board incorrectly construed the "presentation data" limitation to permit the "data that represents content" to include metadata. Uniloc maintains that, under the correct construction, Li does not disclose the "presentation data" limitation.

We review the Board's ultimate claim construction and determinations based on intrinsic evidence de novo and any subsidiary factual findings for substantial evidence. *Personalized Media Commc'ns, LLC v. Apple Inc.*, 952 F.3d 1336, 1339 (Fed. Cir. 2020). We construe claims by looking to the claim language, the specification, the prosecution history, and, where relevant, extrinsic evidence. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (en banc).

Sling offers three arguments for affirmance: that (1) we foreclosed Uniloc's claim-construction argument in our previous opinion; (2) the Board's claim construction is correct; and (3) Li meets the "presentation data" limitation even under Uniloc's proposed construction.

We agree with Sling's second argument—that the Board correctly construed the "presentation data" limitation. Specifically, nothing in the claim language, specification, or prosecution history supports construing the phrase "presentation data that represents content" to *exclude* metadata. In this instance, we decline to import a negative

limitation into the claim that cannot be found in the claim language itself. *See Linear Tech. Corp. v. ITC*, 566 F.3d 1049, 1060 (Fed. Cir. 2009) (declining to add negative limitation to claim where "there is no basis in the patent specification"). Since Uniloc's arguments depend on its claim-construction position, we do not reach Sling's alternative arguments regarding our prior opinion and whether Li meets the "presentation data" limitation even under Uniloc's proposed construction.

## CONCLUSION

We have considered Uniloc's remaining arguments and find them unpersuasive. For the foregoing reasons, the Board's determination that all claims of the '273 patent are unpatentable is affirmed.

## AFFIRMED